UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA ANN CLAYTON,<br><br>                    Petitioner,<br><br>         v.<br><br>DONA ZAVISLAN,<br><br>                    Respondent. | CASE NO. 3:16-CV-05864-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: MARCH 31, 2017 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Barbara Ann Clayton proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2254, which challenges her 2012 conviction for second degree murder, first degree unlawful possession of a firearm and second degree malicious mischief.[1] Dkt. 8. Respondent filed a Motion to Dismiss ("Motion"), arguing the Petition should be dismissed without prejudice because the Petition contains solely unexhausted claims which are pending the Washington state court. Dkt. 13. Petitioner did not file a reply. *See* Dkt.

---

[1] Petitioner has not requested an evidentiary hearing, and the Court concludes an evidentiary hearing is not necessary in this case. *See* 28 U.S.C. §2254(e)(2) (1996).

REPORT AND RECOMMENDATION - 1

Having reviewed the pleadings and all supporting documents, the Court concludes the Petition is unexhausted and recommends granting Respondents' Motion and dismissing the Petition without prejudice.

## BACKGROUND

Petitioner raises five grounds for relief: (1) ineffective assistance of counsel regarding failure to investigate evidence; (2) ineffective assistance of counsel regarding a battered women's self-defense claim; (3) due process violation regarding the self-defense jury instruction; (4) due process violation regarding the right her insanity plea; and (5) ineffective assistance of counsel in presenting a defense. Dkt. 8. Petitioner states she raised these five claims before the Washington Supreme Court in her Personal Restraint Petition ("PRP") and subsequent Motion for Discretionary Review. Dkt. 8.

## DISCUSSION

Petitioner may pursue federal habeas relief only after she has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

Petitioner admits her Motion for Discretionary Review remains pending before the Washington Supreme Court. Dkt. 8 at 8, 10, 13, 15. Respondent also submits evidence of the same. Dkt.13-1, Exhibit 1 ACORDS printout, Cause No. 93204-2. Thus, the Court finds

Petitioner cannot show she has exhausted her remedies available in state court or the state court cannot protect her rights. *See* 28 U.S.C. § 2254(b)(1). If the Washington Supreme Court grants her Motion for Discretionary Review, Petitioner's present federal habeas claims will be moot. Thus, the Court recommends dismissing the Petition without prejudice pending conclusion of the state court proceedings.[2]

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the Petition should be dismissed without prejudice. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to the Petition.

---

[2] Should the Washington Supreme Court court fully resolve Petitioner's PRP prior to the issuance of an order on this Report and Recommendation, the undersigned would recommend referring this matter back to the undersigned so the record can be supplemented prior to the issuance of a second report and recommendation.

## CONCLUSION

The undersigned recommends granting Respondent's Motion and dismissing the Petition (Dkt. 8) without prejudice. An evidentiary hearing is unnecessary. The Court also recommends denying issuance of a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 31, 2017, as noted in the caption.

Dated this 7th day of March, 2017.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge